**NOT FOR PUBLICATION**                                                                                          **CLOSED**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| NELSON FRANK MAWALLA, | : Hon. Faith S. Hochberg |
| Plaintiff, | : Civil Case No. 10-1419 (FSH) (PS) |
| v. | : **OPINION & ORDER** |
| ATTORNEY GENERAL, USA, | : Date: August 17, 2010 |
| Defendant. | |

**HOCHBERG, District Judge**

**I.     Introduction**

      Plaintiff Nelson Frank Mawalla brings this action under the Administrative Procedure Act ("APA") alleging that an erroneous decision by the Board of Immigration Appeals ("BIA"), which the BIA later reversed, delayed his eligibility for United States citizenship.  As relief for this "wasted time," he asks the Court to exempt him from the statutory requirement of 8 U.S.C. § 1430(a) that he be a legal permanent resident for three years before he is eligible for naturalization.  The United States now moves to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), or, in the alternative, for failure to state a claim pursuant to Rule 12(b)(6).

**II.    Summary of the Allegations**

      The complaint largely purports to be a recitation of the procedural history of plaintiff's immigration case.  Plaintiff alleges that he is a native citizen of Tanzania who came to

the United States as a visitor on March 9, 1999.  Plaintiff was allegedly authorized to remain in the U.S. until March 8, 2000; he stayed past this date and was placed in removal proceedings.  He claims that he filed an application for relief with the Immigration Judge on July 4, 2004, and on May 12, 2005, the Immigration Judge granted plaintiff voluntary departure (rather than deportation) but denied his other requests for relief.  Plaintiff appealed the decision of the Immigration Judge, but the BIA denied the appeal on November 3, 2006.

Plaintiff alleges that he subsequently filed a motion to reopen with the BIA to present new facts and evidence, namely his marriage to a United States citizen.  His motion was denied on April 10, 2007.  Plaintiff appealed this second decision to the Third Circuit.  Concurrently, plaintiff's wife filed an I-130 petition to obtain a visa for plaintiff.  While plaintiff's appeal was pending with the Third Circuit, the I-130 petition was granted.  In light of this development, the Government stipulated before the Third Circuit to remand plaintiff's appeal to the BIA, which the Third Circuit approved on August 6, 2008.  On remand, the BIA granted Plaintiff's motion to reopen on November 26, 2008, noting that the I-130 petition had been approved.  It remanded the case to the Immigration Judge for further proceedings.  On September 17, 2009, the Immigration Judge adjusted Plaintiff's status to legal permanent resident under Section 245 of the Immigration and Nationality Act ("INA").

Plaintiff filed this complaint on March 18, 2010, seeking relief under the APA for "wasted time."  He claims that the BIA's April 10, 2007 denial of his motion to reopen unjustly delayed the naturalization process for approximately 2 years and 5 months (*i.e.*, from April 10, 2007 until September 17, 2009) and thereby violated his right to due process.  Plaintiff asks to be

exempted from the statutory requirement of 8 U.S.C. § 1430(a) that he be a permanent resident for three years before he is eligible for naturalization.

**III.     Standard of Review**

The Government moves to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) on the grounds that the INA precludes judicial review of Plaintiff's claim.  In the alternative, the Government argues that the complaint fails to state a claim upon which relief can be granted because he has not demonstrated that he is eligible for naturalization.

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element."  *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (internal quotations omitted).

When considering a motion to dismiss under *Iqbal*, the Court must conduct a two-part analysis.  "First, the factual and legal elements of a claim should be separated.  The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions.  Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'"  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (internal citations omitted).  "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action

will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 129 S. Ct. at 1949 (internal quotations and alterations omitted).

With respect to the motion under Rule 12(b)(1), Defendant does not specify whether its attack on the Court's jurisdiction is facial or factual. If the motion is facial, "the court must consider the allegations of the complaint as true," just as with a motion under Rule 12(b)(6). *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). If the motion is factual, no presumption of truthfulness attaches to the complaint, and to the extent disputed issues of fact exist, the Court is free to weigh the evidence submitted and resolve them. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). The Court will treat the motion as a facial attack, since it is based on the allegations in the complaint.

**IV.   Discussion**

Plaintiff brings this suit under the APA. The APA does not confer subject matter jurisdiction on this Court if another statute precludes judicial review. *See* 5 U.S.C. § 701(a). The INA confers exclusive jurisdiction upon the United States Courts of Appeals to review orders issued by the BIA. *See* 8 U.S.C. §§ 1252(a)(5), 1252(b)(2); *Alanzar v. Att'y Gen. of the U.S.*, 190 F. App'x 210, 210-11 (3d Cir. 2006). Thus, the INA precludes such review by this Court. Although plaintiff does not characterize this action as an appeal of the BIA's April 10, 2007 decision denying his motion to reopen, in substance plaintiff asks this Court to find that the BIA's order was erroneous. The Court lacks subject matter jurisdiction to review that decision.

Plaintiff also requests that the Court waive a prerequisite for naturalization that Congress imposed in the INA, namely the three-year waiting period of 8 U.S.C. § 1430(a).[1] The

---

[1] Plaintiff does not dispute that he is technically ineligible for naturalization. To be eligible for naturalization, the spouse of a U.S. citizen must establish that he or she has resided

political branches of government have plenary authority over immigration matters, which is "largely immune from judicial control." *Pinho v. I.N.S.*, 249 F.3d 183, 190 (3d Cir. 2001). Congress did not include a provision in the INA that expressly permits the Court to waive the three-year waiting period. Nor does any such provision exist in the regulations. The Court should not read such a provision into the INA or the regulations where the political branches have not seen fit to provide one. *See Fedorenko v. United States*, 449 U.S. 490, 506 (1981) (explaining that "there must be strict compliance with all the congressionally imposed prerequisites to the acquisition of citizenship"); *United States v. Ginsberg*, 243 U.S. 472, 475 (1917) (noting that "[n]o alien has the slightest right to naturalize unless all statutory requirements are complied with"). Consequently, the complaint fails to state a claim upon which relief may be granted.

V.     **Conclusion & Order**

For the foregoing reasons, it is **ORDERED** that defendant's motion to dismiss is **GRANTED**; and it is further **ORDERED** that this case is closed.

  /s/ Faith S. Hochberg  
Hon. Faith S. Hochberg, U.S.D.J.

---

continuously within the United States for at least three years after having been lawfully admitted for permanent residence. 8 U.S.C. § 1430(a); 8 C.F.R. § 319.1. Plaintiff's status was adjusted to legal permanent resident on September 17, 2009 – less than three years ago. Thus, he has not yet met the three-year statutory requirement.